

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| JERRY RYALS, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 0:06-2713-HFF-BM |
| § | |
| MICHAEL J. ASTRUE,[*] Commissioner § | |
| of Social Security, § | |
| § | |
| Defendant. § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND AFFIRMING THE DECISION OF DEFENDANT

This is an action filed seeking review of a decision of the Commissioner of Social Security (Defendant) denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Court affirm the decision of Defendant. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

---

[*]On February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the Defendant in this suit.

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 13, 2007. Plaintiff filed objections to the Report on October 5, 2007. The Court has made a de novo review of those portions of the Report to which Plaintiff objects, but finds the objections to be without merit.

Plaintiff first argues that the Report improperly considered the ALJ's evaluation of Dr. Cundey's assessment and opinion. Specifically, Plaintiff contends that Dr. Cundey's opinion must be given controlling weight if it is well supported by the evidence of record. He further alleges that "[t]o the extent the Commissioner or the Magistrate provides other arguments, such post hoc rationale should be ignored by the Court to the extent that they were not found in the ALJ's hearing decision." (Pl.'s Obj. Memo. 5.) A review of the Report indicates that the Magistrate Judge properly examined the ALJ's evaluation of Dr. Cundey's opinion, noted the ALJ's findings, and found no reversible error. Moreover, the Court finds that the Magistrate Judge did not rely on after-the-fact rationalization when suggesting that the decision of the Commissioner be affirmed.

Plaintiff next asserts that the Report also improperly considered the ALJ's evaluation of Dr. Haas' assessment and opinion. A review of the Report, however, indicates that the Magistrate Judge properly examined the ALJ's evaluation of Dr. Haas' opinion and found no reversible error.

Plaintiff then maintains that the ALJ failed to explain his findings regarding Plaintiff's residual functional capacity, as required by Social Security Ruling 96-8p. A review of the ALJ's decision and the Report shows that the Magistrate Judge properly found that the record in this case supports the ALJ's decision. Plaintiff contends that the ALJ merely summarized evidence and stated

conclusions, but failed to explain the rationale. This Court finds that the ALJ properly explained his findings, as required by Social Security Ruling 96-8p.

Plaintiff finally avers that the ALJ failed to correctly assess Plaintiff's credibility. However, as observed by the Magistrate Judge,

> the decision reflects that the ALJ thoroughly reviewed the medical evidence, Plaintiff's own statements as to his condition, and the inconsistency of allegations and the extent of Plaintiff's daily activities when compared with the objective medical evidence to find that Plaintiff's description on the severity of his limitations were not totally credible.

(Report 8.) Moreover, the record supports the ALJ's findings and conclusions.

After a thorough review of the Report, the objections, and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the decision of Defendant be **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 18th day of March, 2008, in Spartanburg, South Carolina.

s/ Henry F. Floyd
 HENRY F. FLOYD
 UNITED STATES DISTRICT JUDGE

3